UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VIKTOR ZASUKHIN,

        Petitioner,

v.                              Case No. 3:26-cv-1959-MMH-PDB

WARDEN RONNIE WOODALL, et al.,

        Respondents.

_____

## **ORDER**

Petitioner Viktor Zasukhin, an immigration detainee, is proceeding through counsel on a Petition for a Writ of Habeas Corpus (Doc. 1; Petition). Zasukhin is a citizen of Russia who entered the United States in January 2023. Doc. 1-2 at 3. At that time, the Department of Homeland Security placed Zasukhin in removal proceedings and released him. Id. Zasukhin has a pending application for asylum, withholding of removal, and protection under the Convention Against Torture. Id. On June 25, 2026, United States Immigration and Customs Enforcement detained Zasukhin. Id. at 4. Zasukhin challenges his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See Petition at 6–7.

Respondent Warden filed a Motion to Dismiss (Doc. 7), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response

(Doc. 8; Response) asserting that they are now detaining Zasukhin under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Zasukhin was detained in June 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1.      Zasukhin's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of

---

[1] Because the Court finds that Zasukhin is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2

this Order, Respondents shall either afford Zasukhin an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Zasukhin, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.　　Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.　　The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/12
c:
Counsel of Record

3